326 So.2d 735

**Rebecca Croft BREDESON et al.**

v.

**Ruth B. CROFT.**

**SC 1129–1130.**

Supreme Court of Alabama.

Jan. 2, 1976.

Rehearing Denied Feb. 27, 1976.

Joe B. Smith, Huntsville, for appellants.

Cloud, Berry, Ables, Blanton & Tatum, Huntsville, for appellee.

MERRILL, Justice.

These appeals are from two summary judgments in favor of appellee, Mrs. Croft, as the beneficiary of two insurance policies in separate companies. The question in each case was identical and they were consolidated. We reverse the judgments and remand the causes for further proceedings.

Mrs. Croft filed two suits in the Circuit Court of Madison County, seeking declaratory judgments under Tit. 7, § 156, Code 1940 and Rule 57, ARCP. The issue before the court in each case was whether she, as beneficiary of the insurance policies on the life of her deceased husband, is entitled to the proceeds. One suit was filed against the Metropolitan Life Insurance Company (hereinafter Metropolitan) and co-defendants, Shelby Jean Messer Graves, as administratrix of the estate of John James Croft, Jr., Rebecca Croft Bredeson, John Paul Croft, Gloria Ellen Croft and Johnnie. Diane Croft. The second was filed against Liberty National Life Insurance Company (hereinafter Liberty National) and Shelby Jean Messer Graves, individually, as well as the co-defendants named in the other suit.

Metropolitan and Liberty National filed cross-claims for interpleader under Rule 22(a), ARCP. The trial court found these cases proper situations in which to invoke interpleader and Metropolitan and Liberty National were discharged as defendants after paying the sums of $45,450.00 and $10,000.00 respectively into the court.

Appellee then moved for a summary judgment in each case, pursuant to Rule 56, ARCP. The motions were based on prior pleadings and orders in each case, the appellee claiming that there was no genuine issue as to any material fact placed before the court. Appellants answered each motion with counter-affidavits in opposition to summary judgment. These affidavits consisted of excerpts from testimony in the case of *State of Alabama v. Ruth E. Croft*, Case No. 72–126F, from the Circuit Court of Madison County, in which appellee was acquitted of the murder of her husband, John James Croft, Jr., the jury finding her not guilty by reason of insanity. In response, appellee amended her Rule 56 motion to include the circuit court records finding her not guilty by reason of insanity, the orders for a competency hearing, the decrees of mental competency of appellee, and the qualifications of Allen Overton Battles, Ph.D., whose testimony was introduced in the criminal trial.

The appellee's motions for summary judgment were granted, the court having found in each case that " * * * there is no genuine issue as to any material fact

and that the plaintiff is entitled to judgment as a matter of law, * * * ."

Summary judgment is a procedure available only when it is apparent to the court from the materials filed before it that " * * * there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * * " Rule 56(c), ARCP.

Here, appellee presented to the trial court information from the prior criminal proceeding, *State v. Croft, supra,* to support her motions for summary judgment. The court considered the information to be dispositive of the facts in the civil cases and entered summary judgments in favor of the appellee.

In *Sovereign Camp W. O. W. v. Gunn, (I),* 224 Ala. 444, 140 So. 410, this court cited the following from a West Virginia case with approval:

"In the case of *Interstate Dry Goods Stores v. Williamson,* 91 W.Va. 156, 112 S.E. 301, 302, 31 A.L.R. 258, it is said: 'It is uniformly held that a judgment of conviction or acquittal in a criminal case is not proper evidence in a civil case, to establish the facts which were necessary to be established in order to secure such conviction or acquittal. The parties to the criminal prosecution are different. The rules of evidence are different in the two classes of cases, and the purposes and objects sought to be accomplished are essentially different. * * * The criminal proceeding is between the state and the accused party, and seeks vindication of a public right, while in the civil suit the purpose sought is vindication of purely private rights and interests.'—Freemen, Judgments, § 319; Black, Judgments, § 529; R.C.L. (title Judgments) §§ 476–7; *Micks v. Mason,* 145 Mich. 212, 108 N.W. 707, 9 Ann.Cas. 291, 11 L.R.A. (N.S.) 653, and note."

One year later, 1933, the same case, *Gunn, (II),* 227 Ala. 400, 150 So. 491, was here again and this court said:

"But, it must be borne in mind, that the record of conviction is a solemn judicial finding, and should be clothed with a prima facie presumption of verity. Upon the introduction of such record, the burden of proof shifts to plaintiff on that issue.

"The evidence to overcome such prima facie showing is not to be limited to an attack on the judgment of conviction on grounds of fraud or perjury, but all evidence tending to prove the innocence of the beneficiary in fact is to be admitted, and weighed under proper instructions from the court."

The case of *Fidelity-Phenix Fire Ins. Co. of N. Y. v. Murphy,* (II), 231 Ala. 680, 166 So. 604, (1936), and *Gunn, (II), supra,* are cited, among others, in *Roden & Son v. State,* 30 Ala.App. 229, 3 So.2d 420, as authority for the statement of the general principle that " * * * a judgment in a civil case is not conclusive as res judicata in a criminal case, or vice versa, there being no mutuality of parties and a different degree of proof, respectively, being required. * * * "[1]

In accepting the jury verdict of acquittal in *State v. Croft, supra,* as a basis for summary judgment, the trial court was implying that all issues in the civil cases were resolved by the facts that evolved in the criminal case, and that no issue of fact continued to exist. We cannot agree. By definition, an acquittal in a criminal case does not resolve all factual issues, but leaves factual issues doubtful, as noted by this court in *Fidelity-Phenix Fire Ins. Co. of N. Y. v. Murphy,* (I), 226 Ala. 226, 146 So. 387, at 392, citing *Schindler v. Royal Ins. Co.,* 258 N.Y. 310, 179 N.E. 711, 80 A.L.R. 1143 (1933):

1. *Cf. United Security Life Insurance Co. v. Clark,* 40 Ala.App. 542, 115 So.2d 911.

"* * * a judgment of acquittal is only a determination that guilt has not been established beyond a reasonable doubt, although a preponderance of evidence might point thereto, * * *."

Summary judgment "is not a substitute for a trial of disputed issues of fact." 3 Barron and Holtzoff, Federal Practice & Procedure, § 1231.

We are convinced that genuine issues as to material facts remained when the summary judgments were entered.

### Motion to Dismiss

 This appeal is not governed by the Alabama Rules of Appellate Procedure (ARAP) which became effective December 1, 1975.

Appellee filed a motion to strike the transcript and dismiss the appeal on June 3, 1975, on the ground that the appeal was on the record proper and that the transcript should have been filed within sixty days of the taking of the appeal on January 6, 1975. The transcript was filed here on May 21, 1975. Under the authority of *Burleson v. First National Bank of Tuscumbia,* 283 Ala. 708, 220 So.2d 895, cited by appellee, the motion could have been granted if nothing else had been presented. But appellants filed a motion in opposition and also cited decisions of this court. In *Smith v. State,* 265 Ala. 138, 90 So.2d 225, a suit to abate a nuisance, where the same grounds for dismissal were urged as are presented here, this court said:

"The appellee's motion [to dismiss] was not filed until after the transcript was filed in this court, and there has been no showing that was any injury to the appellee resulting from the delay in filing the transcript. The motion is, therefore, denied. *Campbell v. Sowell,* 230 Ala. 109, 159 So. 813; *Spruiell v. Stanford,* 258 Ala. 212, 61 So.2d 758."

Here, there could be no injury to the appellee because appellee requested oral argument in her brief filed July 18, 1975, and this automatically postponed submission until the first oral arguments in the 1975–76 Fall term. The cause was argued and submitted on October 14, 1975.

The motion to strike the transcript and dismiss the appeal is denied.

Reversed and remanded.

HEFLIN, C. J., and MADDOX, JONES and SHORES, JJ., concur.