The appellant, H. Wade Sexton, appeals from an order of the Tuscaloosa Circuit Court affirming the action of the Tuscaloosa County Civil Service Board which demoted Sexton and suspended him without pay during the period of time that he had been dismissed from work by order of the board.
Sexton had been an employee of Tuscaloosa County for more than fifteen years. As a county employee, Sexton had all the rights and privileges accorded by Act No. 357, Acts of Alabama, Regular Session 1949, which Act establishes a civil service system for employees of Tuscaloosa County, Alabama. For the two and one-half years prior to the incident which led to this action he was superintendent of the county shop. As superintendent, he had charge of scrap metal at the shop. In 1978, he sold a truck engine for scrap for $100 and did not turn the money in to the county.
In May, 1979, the Tuscaloosa Probate Judge dismissed Sexton from his position. Sexton appealed his dismissal to the Tuscaloosa County Civil Service Board. After a hearing, the board ratified and confirmed the probate judge's dismissal of Sexton.
During this time, Sexton was indicted for embezzlement of county property, and upon trial by jury was found guilty. This conviction was overturned in Sexton v. State, 392 So.2d 1239
(Ala.Cr.App.), cert. denied, 392 So.2d 1241 (Ala. 1980). When the case was presented a second time to the Grand Jury, they rendered a no bill.
After the reversal by the Alabama Court of Criminal Appeals, the civil service board held a second hearing on the matter, and issued a modified order in January, 1982. This order, in pertinent part, said that "Sexton was foreman of the County shop at the time he committed the offense involved here, and as such shop foreman had a high degree of duty to protect County property, and that he clearly breached his duty by committing the act or acts complained of herein."
Finding that it would not be in the best interest of the county to reinstate Sexton as superintendent, or foreman, the board nonetheless found he was a competent mechanic and should be allowed to return to work for the county as a mechanic.
In July of 1982, after hearing oral arguments of the attorneys and a review of the record, the Tuscaloosa Circuit Court affirmed the modified order of the civil service board. From this decree the appellant Sexton appeals, and we affirm.
Act No. 357, Acts of Alabama, Regular Session, 1949, provides in § 11 that:
 "The [circuit] court shall affirm the decision of the Board unless it finds that the substantial rights of the petitioner have been prejudiced because the final decision of the Board was: (1) unsupported by substantial evidence in the record submitted; (2) in excess of the authority conferred by this Act on the Board; (3) violative of constitutional provisions; (4) arbitrary or capricious; or (5) affected otherwise by substantial error or injustice." *Page 434 
In keeping with those standards, Sexton, through able counsel, contends the action by the civil service board was not supported by substantial evidence; that his due process and constitutional rights were violated; and that the actions of the board were arbitrary and capricious.
Sexton specifically contends the decision of the civil service board to reinstate appellant at a demoted position and to not award back pay was not supported by substantial evidence as required by the governing Act.
Our supreme court and this court have accepted as a definition of "substantial evidence" the following:
 "`1. Substantial evidence is a "rational basis for the conclusions approved by the administrative body." . . .
 "`2. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." . . .
 "`3. * * * substantial evidence is more than a scintilla and must do more than create a suspicion of the existence of a fact to be established. * * * "`it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion' * * * and it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." . . .'"
Morris v. City Commission of Birmingham, 263 Ala. 664, 668,83 So.2d 717, 721 (1955); Peseau v. Civil Service Board ofTuscaloosa County, 385 So.2d 1310 (Ala.Civ.App. 1980).
The governing Act in § 11 furthermore provides that no permanent employee may be removed or demoted except for "cause." When used in such a context the term "cause" had been defined as meaning "reasons which the law and sound public policy recognize as sufficient warrant for removal, that is, legal cause, and not merely cause which the appointing power in the exercise of discretion may deem sufficient." Peseau v.Civil Service Board of Tuscaloosa County, supra, at 1312. The cause must be "one which specifically relates to and affects the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public." Peseau v. Civil Service Board ofTuscaloosa County, supra, at 1312.
This court has previously held that the terms "substantial evidence" and "cause" contained in the Act must be considered together and applied together. Peseau v. Civil Service Board ofTuscaloosa County, supra. There must be a "cause" to discharge or demote a civil service employee, and that "cause" must be established at a hearing before the board by "substantial evidence."
In the instant case, Sexton contends the "substantial cause" standard was not met once his conviction of embezzlement was overturned, and no longer constituted legal evidence. However, we held in a previous case, which also arose from a Tuscaloosa County Civil Service Board action, that "[t]he order of an administrative board is not to be vacated because of receipt of evidence, not admissible under general rules of evidence, so long as there is sufficient legal evidence to sustain the order." Edmondson v. Tuscaloosa County, 48 Ala. App. 372,265 So.2d 154 (1972). In this case there is other evidence aside from Sexton's conviction which supports the board's action. Sexton himself admits he sold the engine and kept the money which allegedly would be spent on the coffee fund and on a fish fry. His defense was that, "I was carrying out just what had always been done." There was testimony from several sources that it had been and was the common practice to sell scrap metal and use the proceeds for coffee and fish fries for county employees. This was apparently done despite the official procedure of turning the proceeds in to the clerk of the county commission. However, it is noted that in the instant case the money was not used for coffee or a fish fry but was retained by the employee.
Among the enumerated causes for dismissal or demotion in the Tuscaloosa County Civil Service Board, Rules of Conduct forTuscaloosa County Employees (Nov. 4, *Page 435 
1974) are: "j. The use of county equipment or county supplies contrary to the policies and regulations made by the Tuscaloosa County Commission or the Department Head in the department in which he works. . . . [and] . . . n. Theft."
Therefore, there is "substantial evidence," i.e., his own admission, independent of the jury's verdict, of "cause" to dismiss or demote Sexton. We are aware that testimony by several witnesses, including two county commissioners, indicates that what Sexton intended to do, i.e., use the money for a fish fry or to provide coffee was indeed no different than what commonly, though unofficially, had been done for several years. Nonetheless, such practice was apparently not the official procedure. In any event, the action of the employee in the matter, i.e., his retention of the money, could have been determined to be contrary to the "Rules of Conduct."
Employee next contends that the actions of the board violated his constitutional rights, specifically his substantive due process rights. No claim was made that Sexton's procedural due process rights were violated. The basis of his substantive due process claim is that since the substantial evidence requirement was not met, the board's actions violated his constitutional rights by depriving him of property without due process. As indicated above, we find the substantial evidence requirement was met. Therefore, the due process argument which depends upon finding a lack of substantial evidence must fail.
Sexton next contends the board's actions were arbitrary and capricious in that they are demoting him for doing what was apparently standard practice. A decision is not arbitrary where there is a reasonable justification for the decision or where the determination is founded upon adequate principles or fixed standards. State Department of Pensions and Security v.Whitney, 359 So.2d 810 (Ala.Civ.App. 1978). Hence, where there is substantial evidence of a legal cause to demote a civil service employee, the action is not arbitrary or capricious.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.