The State Health Planning and Development Agency (SHPDA) denied the request of Humana Hospital of Huntsville for a certificate of need. The hospital ultimately appealed to the circuit court. The circuit court affirmed SHPDA's action. The hospital, through able counsel, appeals and we affirm.
The dispositive issue is whether SHPDA's denial of the hospital's certificate of need was arbitrary or capricious. *Page 1297 
Additionally, the hospital contends that SHPDA's action denied the hospital due process and equal protection of the law.
The hospital filed an application for a certificate of need with SHPDA in March 1982. The record indicates that this application regarding the transfer of thirty-one hospital beds from two other hospitals in the same health service area to Humana Hospital of Huntsville was denied by SHPDA for the following two reasons: (1) "Lack of community need for additional beds in Huntsville or Madison County."; and (2) "The project does not foster cost containment."
The hospital requested a Fair Hearing per Ala. Code §§22-21-260 to -270 (1975) 1983 Supp. The Fair Hearing Officer determined that the application for a certificate of need was properly denied based upon a statute. This statute provides in pertinent part:
 "No certificate of need for new inpatient facilities or services shall be issued unless the SHPDA makes each of the following findings:
". . . .
 "(2) That less costly, more efficient or more appropriate alternatives to such inpatient service are not available, and that the development of such alternatives has been studied and found not practicable;
 "(3) That existing inpatient facilities providing inpatient services similar to those proposed are being used in an appropriate and efficient manner consistent with community demands for services;"
Ala. Code § 22-21-266 (2), (3) (1975) 1983 Supp.
First, the Fair Hearing Officer addressed subsection three of the statute regarding community need. The Fair Hearing Officer provided "that there was a lack of community need for the proposed application, based upon evidence of the utilization of existing hospital beds in Huntsville and Madison County. . . . ." Specifically, the record indicates "approximately an additional 160 beds available for patient care" in Huntsville, and, furthermore, that "the occupancy rate for all hospital beds in Madison County is less than 80%."
Second, the Fair Hearing Officer addressed subsection two of the statute regarding cost containment. The Fair Hearing Officer provided that "[t]he Board was correct in its determination that the proposal did not foster cost containment and that less costly, more efficient and more appropriate alternatives to the bed addition were available. . . ." Apparently, better utilization of the existing hospital beds in Huntsville and Madison County would foster cost containment.
The hospital appealed to the Circuit Court of Madison County, alleging that its application for a certificate of need was arbitrarily denied. The circuit court affirmed the denial of the certificate of need on the following basis:
 "Although Humana has demonstrated a need for additional beds in their hospital, they failed to prove a need for additional hospital beds in the community. The evidence showed that the community, which includes all of Madison County, has an excess of acute care beds. The addition of thirty-one (31) beds to Humana would be a duplication of services already offered at Huntsville and Crestwood Hospitals."
Before determining whether the denial of the certificate of need was arbitrary and capricious, we note that the evidence presented to the circuit court was solely by written exhibits as stipulated by the parties. There was no oral testimony.
In view of the written evidence presented to the circuit court, the hospital alleges that no weight is to be given the decision of the trial judge because the ore tenus rule does not apply to the written exhibits.
The Supreme Court of Alabama provided in Hurt v. Given,445 So.2d 549, 550 (Ala. 1983), that when there is no oral testimony before the trial judge and the only evidence presented is "the pleadings and stipulations of the parties" then "[t]he ore tenus rule of review does not apply to a decision based on such evidence at trial." *Page 1298 
However, there is a presumption of correctness applicable to the decision of an administrative agency under certain circumstances. We determined in Hughes v. Jefferson CountyBoard of Education, 370 So.2d 1034, 1037 (Ala.Civ.App. 1979), that when "there appears some reasonable basis for the classification made by the board, such action is conclusive and the court will not substitute its judgment for that of the administrative body" (emphasis added).
In the present case, we note that per Ala. Code § 41-22-27 (e) (1975), the standard for determining whether there is areasonable basis for denying the certificate of need is found in the Code of Federal Regulations rather than the Alabama Administrative Procedure Act, Ala. Code §§ 41-22-2 to -27 (1975). The standard of review is as follows: "The State court shall affirm the decision of the State Agency unless it finds it to be arbitrary or capricious or not made in compliance with applicable law." 42 C.F.R. § 123.410 (14)(i) (1983).
Before applying the standard of "arbitrary and capricious" to the present facts, we note our decision in Sexton v. TuscaloosaCounty Civil Service Board, 426 So.2d 432 (Ala.Civ.App. 1983). In Sexton we stated the following: "A decision is not arbitrary where there is a reasonable justification for the decision or where the determination is founded upon adequate principles orfixed standards." Sexton, 426 So.2d at 435 (emphasis added).
In this case there are fixed standards upon which the issuance of a certificate of need must be based. These fixed standards are found in Ala. Code § 22-21-266 (1975) 1983 Supp. This statute provides five findings prerequisite to the issuance of a certificate of need. The two prerequisite findings pertinent to this case regard community need and cost containment and are stated previously in this opinion.
There is evidence in the record indicating an excess of hospital beds in the health care community. Consequently, in this instance, the prerequisites in Ala. Code § 22-21-266 (2), (3) (1975) 1983 Supp. regarding community need and cost containment are not met. There is a reasonable justification for the denial of the certificate of need in this case, and, accordingly, the denial was not arbitrary and capricious. We, therefore, hold that the decision of SHPDA is conclusive and we will not substitute a judgment for the decision of the administrative board.
We now address the hospital's additional allegation that the denial of the certificate of need violated the hospital's Fourteenth Amendment rights of due process and equal protection of the law. First, regarding the due process question, we note that the Supreme Court of Alabama held in Cooper v. Watts,280 Ala. 236, 240, 191 So.2d 519, 522 (1966): "We have held that the constitutional requirement of due process of law means notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing."
In the present case, the hospital was given notice of the hearing on the application for a certificate of need by the SHPDA Board. Furthermore, the hospital was given notice of an adverse decision and notice of a provision for a Fair Hearing. There was a Fair Hearing to reconsider the application for a certificate of need. There was also a judgment entered in accordance with that notice and hearing. The circuit court held that "[w]e find no merit in their argument that their due process rights have been violated." We affirm that decision.
Second, regarding the equal protection question, we note that the hospital asserts that SHPDA applied different standards to its application for a certificate of need than those applied to other hospitals, hence, denying the hospital equal protection of the law. However, the standards to be applied to the issuance of a certificate of need are fixed. As previously stated, Ala. Code § 22-21-266 (1975) 1983 Supp., requires five findings to issue a certificate of need.
Apparently, the hospital's equal protection argument is bottomed in the type of *Page 1299 
information requested by SHPDA for the five findings required by the statute.
The standard for determining whether there is a violation of equal protection in this case is the "rational relationship" test. This is the proper standard because there is no suspect class involved in this case and no fundamental right in question. Denial of a certificate of need does not deprive the hospital of any fundamental right.
The Supreme Court of Alabama stated: "Where neither a fundamental right nor a suspect class is involved, the rational
basis test applies. It requires only that a classification of persons similarly situated be rationally related to a legitimate legislative purpose." Board of Trustees ofPolicemen's and Firemen's Retirement Fund v. Cardwell,400 So.2d 402, 405 (Ala. 1981) (emphasis added).
The Fair Hearing Officer determined that "[i]f the Board did apply a higher standard of proof of community need, the Board's articulated concerns about the costs inherent in a bed transfer would be a rational basis for requiring a stronger demonstration of community need in this case." (Emphasis added.) Put another way, the "rational relationship" test is met. Cost containment is a legitimate legislative purpose to promote efficient health services. Requiring certificates of need to be issued before constructing or enlarging health facilities is certainly rationally related to this purpose.
Therefore, the five findings required by statute as a prerequisite to the issuance of a certificate of need are rationally related to cost containment for promoting efficient health services. Whatever information is required by the review board issuing a certificate of need for the purpose of determining whether the five statutory findings are met is within the discretion of that review board. Accordingly, there is no denial of equal protection in this case.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.