469 So.2d 613 (1985)
STATE HEALTH PLANNING AND RESOURCE DEVELOPMENT ADMINISTRATION
v.
RIVENDELL OF ALABAMA, INC.
HILL CREST HOSPITAL
v.
RIVENDELL OF ALABAMA, INC.
Civ. 4428, 4428-A.
Court of Civil Appeals of Alabama.
January 2, 1985.
Rehearing Denied February 6, 1985.
Certiorari Denied April 26, 1985.
Eugene Watson, Spec. Asst. Atty. Gen., for appellant State Health Planning and Resource Dev. Admn.
Dexter C. Hobbs of Copeland, Franco, Screws & Gill, Montgomery, for appellant Hill Crest Hosp.
Justice D. Smyth III of Robison & Belser, Montgomery, and Ralph D. Gaines, Jr. of Gaines & Cleckler, Talladega, for appellee.
Alabama Supreme Court 84-489.
*614 WRIGHT, Presiding Judge.
The State Health Planning and Resource Development Administration (SHPDA) denied Rivendell of Alabama's application for a certificate of need (CON) to build a sixty-bed free-standing psychiatric hospital for children and adolescents. This decision was affirmed by a fair hearing officer and Rivendell appealed to the Talladega County Circuit Court. The circuit court reversed SHPDA's action, finding it arbitrary, capricious, unsupported by the substantial evidence and contrary to the law. From this judgment SHPDA and intervenor Hill Crest Hospital appeal. We review the circuit court judgment without any presumption of its correctness, since that court was in no better position to review the order of the Board than we are. Vann Express, Inc. v. Bee Line Express, Inc., 347 So.2d 1353 (Ala.1977).
The controlling issue is whether the findings of the SHPDA board were arbitrary and capricious. Our scope of review is set out in federal law [42 C.F.R. § 123.410(14)(i)(1983)] and state law. The state agency's decision will be affirmed unless found to be arbitrary or capricious or not made in compliance with applicable law. Humana Medical Corporation v. State Health Planning and Development Agency, 460 So.2d 1295 (Ala.Civ.App.1984).
The official decision of the SHPDA board made the following findings as the basis for their adverse determination:
"1. That less costly alternatives are available for similar psychiatric services in general hospitals within a reasonable travel distance of the patients to be served. Therefore, the patients will not experience serious problems in obtaining care of the type proposed; and
"2. That it is recognized that a task force has been appointed by the SHCC to determine the need for psychiatric beds in Alabama within the next ten months.
"3. The disapproval of this project would not constitute a threat to public health. Therefore, the best alternative is to wait until a decision is made by the SHCC."
Section 22-21-266, Code of Alabama 1975, states that the SHPDA board cannot issue a CON unless it makes all of the following five findings:
"(1) That the proposed facility or service is consistent with the latest approved revision of the appropriate state plan effective at the time the application was received by the state agency;
"(2) That less costly, more efficient or more appropriate alternatives to such inpatient service are not available, and that the development of such alternatives has been studied and found not practicable;
"(3) That existing inpatient facilities providing inpatient services similar to those proposed are being used in an appropriate and efficient manner consistent with community demands for services;
"(4) That in the case of new construction, alternatives to new construction (e.g., modernization and sharing arrangement) have been considered and have been implemented to the maximum extent practicable; and
"(5) That patients will experience serious problems in obtaining inpatient care of the type proposed in the absence of the proposed new service."
Both sides agree the Board's findings (2) and (3) are irrelevant. Both sides also agree that finding (1) is an application of § 22-21-266(2) and (5) to the facts of this case. Therefore, the more narrow issue in this case is whether the evidence reasonably justifies the decision that the findings in § 22-21-266(2) and (5) were not made by the SHPDA board.
In evaluating the evidence, we are cognizant of the presumptions of correctness attendant to an administrative board decision as well as the limited scope of our review. The ore tenus rule applies to state agencies. Vann Express, Inc. v. Bee Line Express, Inc., supra. In addition, the special competence of the agency lends great weight to its reasoning and decision. When the legislature delegates a discretionary function to an agency with special competence, a court frustrates legislative *615 intent and usurps that discretionary role by stepping in when the agency's choice is not clearly unreasonable or arbitrary. Ex parte Personnel Board of Jefferson County, 440 So.2d 1106 (Ala.Civ.App.1983).
We find there is a conflict of evidence as to whether less costly alternatives for child psychiatric care are available. There is some evidence that Rivendell failed to prove the finding under § 22-21-266(2) which is a prerequisite for issuance of a CON.
SHPDA's staff report submitted into evidence at the hearing showed two general hospitals in the area (HSA IV) that provide psychiatric treatment to patients. Although Rivendell submitted evidence showing a need for its new facility, the staff report showed that both general hospitals have occupancy rates in their psychiatric facilities below the guideline requirements set out in § 410-1-6-.01(10)(c)(v) of the SHPDA Procedure Manual and Review Criteria. There was also testimony at the hearing concerning the adequacy of the number of existing facilities in Alabama. Dr. Robert Estock from Hill Crest Hospital testified that there are six child and adolescent psychiatric facilities available across the state of Alabama. Although the evidence may be meager and the testimony may be generalized, it is not our place to pass upon the wisdom of the decision of the administrative agency. Hughes v. Jefferson County Board of Education, 370 So.2d 1034 (Ala.Civ.App.1979).
The learned trial court erroneously substituted its opinion for that of the agency. The judgment of the circuit court is reversed and this cause is remanded to that court where a judgment shall be entered which shall affirm the order of the SHPDA board of January 10, 1984 in this matter.
REVERSED AND REMANDED.
BRADLEY, J., concurs.
HOLMES, J., concurs specially.
HOLMES, Judge (concurring specially).
I agree with the majority; however, I feel constrained to note the following.
SHPDA did not approve the application of Rivendell Hospital, but there was ample evidence that Rivendell's health care facility would be highly beneficial to the citizens of this state. This evidence reveals that Rivendell was somewhat "unique" and that it would serve as a quality treatment center for children.
However, other evidence, as cataloged in the majority opinion, indicates that the facility did not necessarily satisfy the standards that are required for a certificate of need.
Put another way, in my view, there was ample evidence that would have supported SHPDA's issuance of a certificate of need. However, in view of the evidence, the denial of the certificate of need cannot be said to be arbitrary and capricious.