This is an employee termination case.
William Waters was dismissed from his position as a firefighter with the City of Montgomery in January 1984. The City and County Personnel Board (Board) sustained the employee's termination, finding that employee had violated Rule 8, Section 5(c) of the Rules and Regulations governing the City and County of Montgomery which reads as follows:
 "Sick leave may be granted only for the absence due to personal illness, maternity, legal quarantine, or illness or death in the immediate family. An employee claiming sick leave may be required by the appointing authority to file a certificate from a physician stating the kind and nature of sickness or injury, that the employee was incapacitated for work for the period of absence, that the employee is physically unable to perform duties, or that the employee has no contagious disease that might jeopardize the health of other employees."
The employee was charged with abuse of sick leave due to hunting while on sick leave and refusing to return to work when told to do so.
The employee filed a complaint with the Montgomery County Circuit Court in April 1985, seeking to appeal the decision of the Board. The court dismissed the complaint for failure to state a claim. Provision is made in 1971 Ala. Acts 2280, Sec. 11(b), that there will be no review of the factual findings of the City and County of Montgomery Personnel Board. The employee then amended his complaint to assert that the decision of the Board was capricious, arbitrary and unreasonable, violating the employee's constitutional rights of substantive and procedural due process. Employee also argued that he was terminated due to his exercise of his first amendment rights, and in a later amendment, alleged a cause of action under 42 U.S.C. § 1983. After presentation of the plaintiff's case at the nonjury trial, the trial judge granted defendant's 41(b), A.R.Civ.P. motion to dismiss with respect to employee's first amendment claim. The court denied the motion on the other issues, but granted leave to the parties to file additional briefs concerning the motion. After consideration of the additional briefs the court found that the determination by the City that the plaintiff violated the sick leave rule was not arbitrary and capricious and thus not violative of constitutional rights, and granted defendant's motion for dismissal. The employee appeals and we affirm.
The court's order of dismissal acted as an adjudication on the merits and is therefore final and appealable. Rule 41(b), A.R.Civ.P.; Hayden v. Harris, 437 So.2d 1283 (Ala. 1983). In our review we must apply the ore tenus rule. The trial judge's findings are entitled to a presumption of correctness. His judgment based on these findings will not be disturbed unless palpably wrong, without supporting evidence, or manifestly unjust. Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala. 1985).
A determination by an administrative agency is not arbitrary or unreasonable where there is reasonable justification for its decision. If there appears a reasonable basis for the administrative board's action, a court will not substitute its judgment for that of the agency. Hughes v. *Page 953 Jefferson County Board of Education, 370 So.2d 1034
(Ala.Civ.App. 1979).
The record shows that the decision of the Board in finding that the employee abused his sick leave was not arbitrary and capricious. The plaintiff's testimony at trial revealed that he was fully aware of the policy concerning sick leave. He was also aware that he would be sanctioned in some way for his actions, but testified that he did not think that the sanction imposed would be dismissal. Thus, the trial court properly upheld the Board's finding that the employee abused sick leave, as reasonable justification existed for the decision to terminate. Sexton v. Tuscaloosa City Civil Service Board,426 So.2d 432 (Ala.Civ.App. 1983).
The employee also appeals the trial court's finding that the City could and would have terminated employee for insubordination had they not found that he abused sick leave. Our decision that the trial court's finding that the Personnel Board's action was not arbitrary and capricious pretermits our ruling on this issue.
The decision of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.