HOLMES, Judge.
This is a case involving a challenge to an amendment to the state health plan.
In 1985 the governor of Alabama approved an amendment to the state health plan (SHP) which authorized the use of “swing beds” in hospitals in the state. According to the amendment, “[a] swing bed is a licensed hospital bed that can be used for either a hospital or skilled nursing home patient.” The swing bed amendment was prepared by the Statewide Health Coordinating Council (SHCC), a state agency, and recommended by the SHCC to the governor for his approval.
Shortly after the amendment went into effect, Traylor Nursing Home, Inc. (Tray-lor) filed suit in the Montgomery County Circuit Court pursuant to Ala.Code (1975), § 41-22-10 (1982 Repl.Vol.), which is part of the Alabama Administrative Procedure Act (AAPA). Traylor alleged that the swing bed amendment to the SHP had been adopted by the SHCC without complying with the AAPA’s rule-making procedures, see Ala.Code (1975), § 41-22-5 (1982 Repl. Vol.), and that its due process rights had been violated. Traylor asked for a declaratory judgment that the swung bed amendment was invalid and unenforceable, as well as injunctive relief.
The circuit court entered a judgment for the SHCC. It held that Traylor did not have standing to challenge the amendment, that the amendment was not a “rule” within the meaning of the AAPA, and that Traylor’s due process rights had not been violated.
Traylor appeals. We affirm.
The AAPA places certain requirements upon a state agency prior to the latter’s adoption, amendment, or repeal of any rule. See Ala.Code (1975), § 41-22-5 (1982 Repl. Vol.). The AAPA defines a rule as an “agency regulation, standard or statement of general applicability that implements, interprets or prescribes law or policy....” Ala.Code (1975), § 41-22^-3(9) (1982 Repl. Vol.).
It is this court’s opinion that neither the SHP nor any amendment thereto is a “rule” as that term is used in the AAPA. *1178 The SHP does not appear to this court to be a rule or regulation of the SHCC or any other state agency.
The SHP is “[a] comprehensive plan which is prepared triennally and reviewed at least annually and revised as necessary by the [SHCC], with the assistance of the state health planning and development agency, and approved by the governor.” Ala.Code (1975), § 22-21-260(4) (1984 Repl. Vol.).
Both the SHP and the SHCC are required by federal law to be part of a state’s health planning and development program. See 42 U.S.C.A. § 300m-3 (West 1982). Federal law requires that the SHP be composed of the health systems plans of the health systems agencies within the state and that, among other things, it describe the institutional and other health services needed to provide for the well-being of persons receiving care within the state, as well as the resources available in the state for meeting those needs. 42 U.S.C.A. § 300m-3(c)(2)(A) (West 1982).
Thus, the SHP is part of a coordinated federal-state health planning and development program pursuant to 42 U.S.C.A. §§ 300k-300n-6 (West 1982) and Ala.Code (1975), §§ 22-21-260 through -277 (1984 Repl.Vol.). Rather than a fixed rule or regulation, the SHP appears to be a dynamic guide for the state’s health planning and development, changing as the state health needs and resources change.
Moreover, the SHCC does not promulgate the SHP, or any amendment thereto, as an agency rule. As explained above, the SHCC is charged with preparing and revising the SHP, but final approval rests with the governor. 42 U.S.C.A. § 300m-3(c)(2)(C) (West 1982). Also, the SHP is not set forth in an administrative code of the SHCC, as are rules promulgated pursuant to the AAPA.
For all of these reasons, this court concludes that the swing bed amendment to the SHP is not a “rule” within the meaning of the AAPA. Our determination mandates the further conclusion that Traylor lacked “standing” in the circuit court.
Traylor brought suit solely pursuant to Ala.Code (1975), § 41-22-10 (1982 Repl.Vol.). That statute provides a vehicle for challenging the validity or applicability of a rule under the AAPA. Since the swing bed amendment is not a “rule,” as that term is used in the AAPA, Traylor’s suit under § 41-22-10 was clearly improper.
We intimate no opinion as to Traylor’s standing or right to challenge the swing bed amendment outside the AAPA. We affirm the circuit court’s conclusion that Traylor lacked standing because it based its suit solely upon § 41-22-10.
Even if Traylor did have standing, however, our determination that the swing bed amendment is not a “rule” under the AAPA also mandates the conclusion that the SHCC did not violate the AAPA’s rule-making procedures when it prepared the amendment and recommended it to the governor for approval.
Though we find it unnecessary to address Traylor’s due process contentions, we agree with the circuit court that Tray-lor’s due process rights were not violated by the manner in which the swing bed amendment was prepared and adopted by the state.
Due process requires that Traylor have been given notice of the proposed amendment and the opportunity to be heard prior to the adoption of the amendment. See Humana Medical Corp. v. State Health Planning & Development Agency, 460 So.2d 1295 (Ala.Civ.App.1984). The record indicates that Traylor was given both notice and the opportunity to be heard concerning the proposed swing bed amendment during the year-long process of the SHCC of assimilating information, preparing the amendment, and recommending it to the governor for approval.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J„ concur.