The employee, Alberta McRae (McRae), appeals from a summary judgment granted in favor of the defendant, the General Retirement *Page 72 
System for Employees of Jefferson County (pension board). McRae contends that the granting of summary judgment in favor of the pension board was improper in the case at bar. We disagree.
The record shows that McRae was employed as a nurses assistant with the Jefferson County Nursing Home (also known as Ketona Nursing Home) from February 16, 1970, until July 18, 1984. During her employment, McRae made contributions to the General Retirement System. McRae testified before the pension board that she sustained a back injury at work while attempting to shave a resident on August 17, 1983. She further testified that because of that injury, she applied for a service-connected disability pension pursuant to Act No. 497,Acts of Alabama 1965 (hereinafter Act No. 497).
The record indicates that the board reviewed McRae's application in seven different meetings over a period of eleven months and heard testimony from McRae and others concerning her disability. The record further indicates that on more than one occasion the board postponed making a final determination on McRae's claim in order to gather more information about her injury history and to afford her an opportunity to furnish documentation to substantiate her claim. McRae was examined by the board's medical advisor, Dr. Robertson, and a second qualified physician, Dr. Davie. Both physicians concluded that she was not 100 percent disabled. In fact, Dr. Davie determined that McRae was no more than 25 percent disabled. After all the evidence was duly considered, the board awarded McRae a 25 percent nonservice-connected disability pension in accordance with the provisions of § 12(a) and (c) of Act No. 497. McRae filed a complaint for declaratory judgment with the circuit court. The pension board then filed a motion for summary judgment, which the court properly granted on October 9, 1987.
Judicial deference is granted to decisions by administrative agencies because of their recognized expertise in specific specialized areas entrusted to them by the legislature. Exparte Personnel Board of Jefferson County, 440 So.2d 1106
(Ala.Civ.App. 1983). Therefore, an administrative agency's decision will be affirmed unless the plaintiff can prove that the agency acted in an arbitrary and capricious manner or failed to comply with applicable law. Humana Medical Corp. v. State HealthPlanning Development Agency, 460 So.2d 1295 (Ala.Civ.App. 1984). Judicial review of administrative acts and decisions is limited to questions of whether the administrative agency acted within its statutory or constitutional powers, whether its actions are reasonable, and whether its order is supported by substantial evidence. Little Caesar's v. Alabama AlcoholicBeverage Control Board, 386 So.2d 224 (Ala.Civ.App. 1979). We have consistently held that, if reasonable minds differ as to an administrative agency's action or there is a reasonable basis for its decision, the action is conclusive, and we will not substitute our judgment for that of the administrative agency. Hughes v. Jefferson County Board of Education,370 So.2d 1034 (Ala.Civ.App. 1979); Waters v. City County ofMontgomery Personnel Board, 507 So.2d 951 (Ala.Civ.App. 1986); State Oil Gas Board of Alabama v. Anderson,510 So.2d 250 (Ala.Civ.App. 1987). As a rule, a presumption of correctness attaches to a decision by an administrative board.Alabama Nursing Home Ass'n v. Harris, 617 F.2d 388 (5th Cir. 1980). McRae has failed to rebut this presumption. In fact, McRae has failed to produce a scintilla of evidence which would preclude the granting of summary judgment. Wilson v. LibertyNat'l Life Ins. Co., 331 So.2d 617 (Ala. 1976). We note that the scintilla evidence rule was applicable in the case at bar, since this cause was filed prior to the effective date of Act No. 184, Acts of Alabama 1987, which abolished the scintilla evidence rule in favor of the substantial evidence rule.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur. *Page 73