RUSSELL, Judge.
This is an employee dismissal action.
Alma Moulds (appellee) was terminated as an employee of the Youth Crisis Center (Center) by letter dated July 7, 1988, for conduct unbecoming a public service employee. Such termination followed a pre-disciplinary hearing, at which Robert Martin, chief probation officer and coordinator of the Center, recommended that the appel-lee be dismissed. The appellee then appealed her dismissal to the Mobile County Personnel Board (Board), which affirmed her termination. The decision of the Board was then appealed to the Circuit Court of Mobile County. That court ordered that the Board’s decision be vacated and that the appellee be reinstated to her former position. Both the Center and the Board now appeal the circuit court’s decision. We reverse.
The dispositive issue on appeal is whether there was substantial evidence before the Board to support its termination of the appellee. Initially, we note that this court’s review, as well as the review by the circuit court, is limited to the record made before the Board, whose judgment must be affirmed if it is supported by substantial evidence. Lowery v. City of Mobile Police Department, 448 So.2d 388 (Ala.Civ.App.1984). Furthermore, the supreme court has recognized several definitions of the term “substantial evidence,” including the following:
“ T. Substantial evidence is a “rational basis for the conclusions approved by the administrative body.”
“ ‘2. Substantial evidence is “such relevant evidence as a reasonable mind might accept as adequate to support a conclusion”.
“ '3. ... substantial evidence is more than a scintilla and must do more than create a suspicion of the existence of a fact to be established.... “‘it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion’ ... and it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.” ’ ”
Ex parte Morris, 263 Ala. 664, 668, 83 So.2d 717, 721 (1955) (citations omitted), adopted by this court in Sexton v. Tuscaloosa County Civil Service Board, 426 So.2d 432, 434 (Ala.Civ.App.1983).
Finally, where there is a conflict in the testimony before an administrative agency, it is the duty of the fact finder to resolve that conflict, and a trial court reviewing a decision of such an agency must not substitute its own judgment for that of the agency. Alabama Department of Public Health v. Perkins, 469 So.2d 651 (Ala.Civ.App.1985).
We conclude that there was substantial evidence before the Board to warrant its conclusion that the appellee’s dismissal was proper and, further, that the circuit court erred in vacating that decision. Six witnesses testified on behalf of the Center, while only the appellee testified on her own behalf. There was testimony before the Board concerning an incident in 1987 in which the appellee, whose former position was that of a house parent at the Center, wielded a baseball bat which she repeatedly struck against several door frames in order to intimidate the residents. Furthermore, in January of 1988, the appel-lee was relieved from her duties and sent home following an incident in which she became volatile and shouted at several of the Center's residents.
Testimony was also adduced regarding disciplinary action taken against the appel-lee for insubordination following a confrontation with one of her superiors in February of 1988. For this incident, she received a one-week suspension. Finally, evidence was presented to the Board regarding an incident in which the appellee allegedly made threats against an employee of a local video store by using her position at *321 the Center to apparently bolster her status. Although these remarks occurred while the appellee was off duty, they clearly related to her employment at the Center and were construed by the video store employee and two additional witnesses as threats against the video store employee’s children should they visit the Center.
Although the circuit court found that the contention of the video store employee that such comments were intended as threats was not corroborated, we find that, in fact, it was. As we have stated, two other witnesses, who both heard the appellee’s remarks and witnessed her demeanor, testified that they viewed the appellee’s statements as threatening. Additionally, the ap-pellee’s argument and the circuit court’s conclusion that such statements were protected speech which could not serve as grounds for her dismissal must fail. The circuit court’s review, as we have noted, is limited to a review of the record before the Board. See Lowery, 448 So.2d 388. At no time during the Board’s review did the appellee assert that the statements she made were constitutionally protected speech. Her defense was limited to the contention that the subjective intent of making such remarks was not to threaten the video store employee. With this contention, the Board, as was its province, apparently disagreed.
Consequently, we find that there was substantial evidence before the Board to justify its affirming of the Center’s decision to dismiss the appellee. Furthermore, the circuit court erred in vacating the order of the Board. We, therefore, pretermit a discussion of the appellants’ remaining issues as unnecessary. This case is due to be reversed and remanded with instructions for the circuit court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.