RUSSELL, Judge.
Champion Insurance Company (appellee) was, at the time this appeal was filed, an insurance company doing business within the State of Alabama. As such, its participation in the Alabama Automobile Insurance Plan (Plan) was made mandatory by § 32-7-35, Ala.Code 1975 (1989 Repl.Vol).
Following a determination by the Commissioner of Insurance upholding the Plan’s directive that the appellee issue an individual automobile liability policy with limits of $50,000/$100,000, the appellee filed an appeal in the Circuit Court of Montgomery County.
On February 27, 1989, that court concluded that the Plan’s practice of assigning policies with limits in excess of the minimum limits of coverage ($20,000/$40,000) mandated by the Alabama Motor Vehicle Safety-Responsibility Act (Act), §§ 32-7-1 through -42, Ala.Code 1975 (1989 Repl. Vol.), exceeded the Plan’s authority and, thus, was unconstitutional.
Both the Commissioner of Insurance and the Plan (appellants) appeal. Those appeals have been consolidated for consideration by this court. We reverse and remand.
Initially, we note that a decision by a state agency will not be reversed unless it is arbitrary or capricious or fails to comply with applicable law. State Health Planning & Resource Development Administration v. Rivendell of Alabama, Inc., 469 So.2d 613 (Ala.Civ.App.1985). Furthermore, this court reviews the judgment of the circuit court with no attendant presumption of correctness “since that court was in no better position to review the order of the [Commissioner] than we are.” Id. at 614.
The appellants first contend that the trial court erred in concluding that an assignment of an automobile insurance policy with limits in excess of $20,000/$40,000 was an unconstitutional exercise of the authority granted to the Commissioner pursuant to § 32-7-35. That section is entitled “Assigned risk plans” and provides:
“After consultation with insurance companies authorized to issue automobile liability policies in this state, the superintendent of insurance shall approve a reasonable plan or plans for the equitable apportionment among such companies of applicants for such policies and for motor vehicle liability policies who are in good faith entitled to but are unable to procure such policies through ordinary methods. When any such plan has been approved, all such insurance companies shall subscribe thereto and participate therein.”
In accordance with the provisions of that section, the Commissioner of Insurance for the State of Alabama approved the Plan. In 1983, the Plan was amended to provide that subscribers would, upon an applicant’s request, issue policies with liability limits of $50,000/$100,000. We note that the ap-pellee was, at that time of the amendment, a subscriber to the Plan.
We find that the trial court erred in concluding that the Plan exceeded its authority in requiring limits in excess of the minimum limits mandated by the Act in § 32-7-6, Ala.Code 1975. That section was *382 designed to assure the availability of minimum coverage for each accident. Criterion Insurance Co. v. Anderson, 347 So.2d 384 (Ala.1977). It provides that minimum limits of $20,000/$40,000 are required for all automobile liability policies that are accepted as proof of financial security, although it is not a condition to operating a motor vehicle within this state.
Although the appellee filed no brief with this court, its argument at trial was essentially that the minimum limits required by § 32-7-6 were also intended by the legislature to be the maximum limits of policies assignable under the Plan. However, we note that the section establishing the Plan makes no reference to either maximum or minimum limits of policies which are to be assigned. Rather, the sole legislative limitation placed on the Plan is that it be “reasonable.”
Our review of the Act reveals that, where the legislature intended to provide for minimum limits to apply with regard to proof of financial security, such limits were specifically prescribed or a reference was made to the statute setting forth such limits. We conclude that, had the legislature desired to establish a maximum liability limit on policies which could be assigned under the provisions of the Plan, it could easily have done so.
Consequently, we do not find the amendment allowing the assignment of policies with limits of coverage up to $50,000/$100,-000 to be unconstitutionally in excess of the authority granted by the legislature to the Commissioner to develop an assigned risk plan.
The appellants next contend that the Plan’s requirement that the appellee accept assignments of applications and issue policies with limits in excess of $20,-000/$40,000 does not violate the appellee’s right to due process. The appellee argued at trial that this policy unduly and unreasonably hampers its right to contract with policyholders within this state.
We note that the right to contract has long been subject to reasonable legislative regulation. As the Supreme Court stated:
“ ‘The guaranty of liberty does not withdraw from legislative supervision that wide department of activity which consists of the making of contracts, or deny to government the power to provide restrictive safeguards. Liberty implies the absence of arbitrary restraint, not immunity from reasonable regulations and prohibitions imposed in the interests of the community.’ ”
West Coast Hotel Co. v. Parrish, 300 U.S. 379, 392, 57 S.Ct. 578, 582, 81 L.Ed. 703 (1937) (quoting Chicago, Burlington & Quincy R.R. v. McGuire, 219 U.S. 549, 567, 31 S.Ct. 259, 262, 55 L.Ed. 328 (1911)).
Consequently, the Plan’s policy of assigning policies with limits in excess of $20,-000/$40,000 is to be upheld if it is rationally related to a legitimate end of government. See, e.g., Employees’ Retirement System v. Oden, 369 So.2d 4 (Ala.1979).
A primary purpose of the Plan is to establish a procedure for the equitable distribution of risks assigned to insurance companies and to preserve for the public the benefits of price competition by encouraging maximum use of the normal private insurance system. We find that the Plan’s intended purpose of protecting the general public from uninsured or underinsured motorists is a legitimate government end.
Moreover, the assignment of policies to subscribers is on a semi-random basis and is, in our opinion, a reasonable means of effecting the purposes for which the Plan was designed. Finally, we recognize that the state may rationally require insurance companies to service the needs of its citizens as a condition to doing business here.
Therefore, we find that the due process rights of the appellee are not violated by the requirement that it issue policies with $50,000/$100,000 limits. Consequently, this case is due to be reversed and remanded with instructions for the circuit court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.