This appeal involves a circuit court's action overturning a decision by the State Health Planning Agency (SHPA).
On February 22, 1984, Mobile Infirmary Association (Mobile Infirmary) submitted a Certificate of Need (CON) application to SHPA to purchase new equipment for one of its cardiac laboratories (cath lab), stating that the cath lab presently contained outdated equipment. Pursuant to Ala. Code 1975, §22-21-265, no person may acquire any new institutional health service or equipment without first obtaining approval from SHPA. The SHPA CON Review Board (CON Board) approved the purchase of the replacement equipment, based on the representations of Mobile Infirmary that the new equipment was to be used for "the replacement of the existing equipment" in one of its two cath labs.
The record reveals that, rather than replacing its old equipment, Mobile Infirmary used the new equipment to set up an additional lab, which was not approved by SHPA. There was testimony that Mobile Infirmary failed to inform SHPA of the existence of the third cath lab and misrepresented in its annual reports to SHPA that it operated only two cath labs. Further testimony indicated that SHPA became aware of the third lab in August 1988, when a SHPA investigation revealed that Mobile Infirmary had three cath labs, but authorization for only one cath lab. SHPA authorized a second CON for Mobile Infirmary at that time, and required that it not use the third cath lab without the approval of the CON Board.
In November 1989, Mobile Infirmary formally submitted a CON application for a third cath lab. Providence Hospital (Providence) and Springhill Memorial Hospital (Springhill) opposed Mobile Infirmary's CON application, citing incompletions in the application and a lack of community need for another cath lab. At the CON Board hearing, a vice-president for Mobile Infirmary stated that Mobile Infirmary had closed the unauthorized third lab; however, Mobile Infirmary's records indicated that the third lab was still operating. SHPA denied the CON application, Mobile Infirmary appealed, and the Fair Hearing Officer affirmed the SHPA denial. Mobile Infirmary then appealed to the circuit court. Finding SHPA's denial "unreasonable, arbitrary, or capricious, as characterized by an abuse of discretion," the trial court set aside and reversed the SHPA decision and it ordered SHPA to issue a CON to Mobile Infirmary. SHPA, Providence, and Springhill appeal.
The appellants contend that the trial court abused its discretion in overruling the SHPA decision, that there was no proven community need for another unit, and that Mobile Infirmary's CON application was incomplete.
Initially, we note that a decision by a state agency is presumed to be correct, and will be affirmed unless it is arbitrary or capricious or fails to comply with applicable law.State Health Planning Resource Development Administrationv. Rivendell of Alabama, Inc., 469 So.2d 613
(Ala.Civ.App. 1985). Further, this court reviews the trial court's ruling with no presumption *Page 1374 
of correctness, "since that court was in no better position to review the order of the Board than we are." Rivendell,supra, at 614.
Therefore, our review of this case shall be limited to determining whether the CON Board's decision was made in compliance with applicable law, whether the CON Board's decision was arbitrary and unreasonable, and whether the CON Board's decision was supported by substantial evidence.Health Care Authority of the City of Huntsville v. StateHealth Planning Agency, 549 So.2d 973 (Ala.Civ.App. 1989). The weight or importance assigned to any given piece of evidence presented in a CON application is left primarily to the CON Board's discretion, in view of its recognized expertise in dealing with these specialized areas. State HealthPlanning Agency v. Mobile Infirmary Association,533 So.2d 255 (Ala.Civ.App. 1988).
The applicable law is Ala. Code 1975, § 22-21-266, which states:
 "No certificate of need for new inpatient facilities or services shall be issued unless the [SHPA] makes each of the following findings:
 "(1) That the proposed facility or service is consistent with the latest approved revision of the appropriate state plan effective at the time the application was received by the state agency;
 "(2) That less costly, more efficient or more appropriate alternatives to such inpatient service are not available, and that the development of such alternatives has been studied and found not practicable;
 "(3) That existing inpatient facilities providing inpatient services similar to those proposed are being used in an appropriate and efficient manner consistent with community demands for services;
 "(4) That in the case of new construction, alternatives to new construction (e.g., modernization and sharing arrangement) have been considered and have been implemented to the maximum extent practicable; and
 "(5) That patients will experience serious problems in obtaining inpatient care of the type proposed in the absence of the proposed new service."
The CON Board and the Fair Hearing Officer determined that Mobile Infirmary's CON application was not complete and that it was inconsistent with the current State Health Plan.
In reversing the agency's ruling, the trial court apparently misinterpreted the "community need" requirement of Ala. Code 1975, § 22-21-266(3), which refers to a need for services within a particular community, and not within a particular hospital. It appears from record evidence that this "community need" requirement arose because of the need to avoid duplication of programs and squandering of scarce resources. InHumana Medical Corp. v. State Health Planning andDevelopment Agency, 460 So.2d 1295, 1297 (Ala.Civ.App. 1984), this court quoted approvingly from the trial court's holding:
 "Although Humana has demonstrated a need for additional beds in their hospital, they failed to prove a need for additional hospital beds in the community. The evidence showed that the community, which includes all of Madison County, has an excess of acute care beds. The addition of thirty-one (31) beds to Humana would be a duplication of services already offered at Huntsville and Crestwood Hospitals." (Emphasis added.)
Community need regarding cath labs was addressed in the Alabama State Health Plan 1988-1992 (Plan), which recommended that no new cath labs be opened in a community unless each existing cath lab in the area is performing a minimum of 500 procedures a year. Record evidence is that at the time of this application, this procedure level had not been reached.
The trial court held that SHPA's refusal to grant a CON to Mobile Infirmary was "arbitrary and capricious" in part because SHPA had earlier granted Springhill's CON application for a cath lab, despite that hospital's lack of a heart-surgery unit, although the Plan recommends that as a prerequisite. While recognizing the discrepancy, we are not prepared to say that this was "arbitrary and capricious" on *Page 1375 
SHPA's part. The Plan guidelines are merely a set of criteria used in processing applications and SHPA is entitled to exercise its discretion in following these guidelines. SeeState Health Planning Agency v. Mobile InfirmaryAssociation, supra. SHPA weighed the factors and granted a CON for a cath lab to Springhill, despite its lack of a heart-surgery unit. Review of that determination was not before the trial court, nor is it before this court in this case. Neither this court nor the circuit court may substitute its judgment for that of the administrative agency. Health CareAuthority, supra.
When the legislature delegates a discretionary function to an agency with special competence, the courts would frustrate legislative intent by intervening when the agency's decision is not clearly unreasonable or arbitrary. Rivendell,supra.
We find that SHPA's denial of a CON to Mobile Infirmary was supported by the evidence, and therefore, it was not arbitrary or capricious. The trial court erroneously substituted its opinion for that of the agency. The judgment of the trial court is reversed and the cause remanded for the trial court to reinstate the agency decision.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.