L. CHARLES WRIGHT, Retired Appellate Judge.
Cynthia Crummie was employed as a clerk in the office of the License Commissioner of Tuscaloosa County. In March 1991 Crum-mie was charged with “issuing a 1992 motor vehicle registration validation decal on or about February 26, 1991, for which no monies were turned in ... using the computer void and delete process to destroy the record of having issued the decal.” Following a predetermination hearing on the charges, wherein Crummie was represented by counsel, she was terminated from her position. The commissioner wrote that the termination was based on “the sequence of events surrounding the discovery of the missing decal, monies, and destruction of the computer record of the issuance of the decal; the subsequent investigation by members of the license department and Tuscaloosa County investigators; Ms. Crummie’s behavior, actions, acknowledgments, and denials.”
Subsequent to termination, but prior to appeal to the Tuscaloosa County Civil Service Board, Crummie was tried and acquitted of the criminal charge of theft as it related to the same set of facts.
Crummie appealed the termination to the Board pursuant to the appeal provision of Act 357, Acts of Alabama, Regular Session 1949. A hearing was held by the Board. Testimony was heard over several days. The Board upheld the termination, finding:
“evidence of gross misconduct in several actions by the affected employee, any one of which could be construed as grounds for termination, but in their totality make such a conclusion inescapable. Without regard as to whether the intent of the employee was to retain county funds or to remit such funds at some future time that was indeterminate, the employee was guilty of gross misconduct surrounding admitted falsification of county records; failure to report for reconciliation inaccurate and erroneous records of which knowledge was apparent; making admittedly false statements to co-workers and employees within the supervisory hierarchy in the office of the license commissioner; and failure to cooperate in the investigatory process involving missing public funds.”
Crummie appealed the decision of the Board to the Circuit Court of Tuscaloosa County. The circuit court affirmed the order of the Board. Crummie appeals.
Initially, Crummie asserts that the Board erred by affirming her termination “on grounds other than those given by the license commissioner.” She insists that she was terminated by the commissioner on the grounds that she had committed a theft. She contends that the Board’s affirmance of her termination was not justified because the Board did not state theft as a ground for affirmance.
Crummie’s argument is nebulous at best. In view of the evidence adduced at the hearing, we find no real distinction between the charge, the commissioner’s basis for termination, or the Board’s reasons for affirming the termination. Crummie was not dismissed solely on the theft charges. She was terminated because of her furtive actions surrounding the investigation of the missing decal and funds.
Crummie contends that the trial court erred in affirming the Board’s decision. She contends that there was no “substantial evidence” of “cause” to support her termination.
Section 11 of Act 357, provides:
“[T]he court shall affirm the decision of the Board unless it finds that the substantial rights of the petitioner have been prejudiced because the final decision of the Board was: (1) unsupported by substantial evidence in the record submitted....”
Substantial evidence is “evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact to be proven.” Economy Fire & Casualty Co. v. Goar, 551 So.2d 957 (Ala.1989).
Section 10 of Act 357 further provides that no employee may be removed or demoted except for “cause.” “Cause” used in this context means “reasons which the law and sound public policy recognize as sufficient warrant for removal, that is, legal cause, and *457 not merely cause which the appointing power in the exercise of discretion may deem sufficient.” Peseau v. Civil Service Board of Tuscaloosa County, 385 So.2d 1310 (Ala.Civ.App.1980).
The terms “substantial evidence” and “cause” as used in the Act must be considered and applied together. The charges upon which an employee is discharged must constitute “cause” as that term is construed, and must be supported at a hearing before the Board by “substantial evidence.” Pe-seau.
Review by the circuit court and by this court, of a decision of a county personnel board, is limited to the record made before the board, and the board’s judgment must be affirmed if it is supported by substantial evidence. Youth Crisis Center v. Moulds, 567 So.2d 319 (Ala.Civ.App.1990).
The Board’s detailed findings of fact and conclusions as set out above are supported by the record. The record reflects that Crummie issued a 1992 motor vehicle registration decal to friends for which no money was turned in. She used the computer void and delete process to destroy the record of the decal’s issuance. When confronted with information connecting her to the missing decal, Crummie denied knowing the friends. She called the friends and suggested that they deny knowing her in the event they were contacted by the license commissioner’s office. There was evidence presented that Crummie falsified records, failed to report inaccurate records, and failed to cooperate in the investigation involving the missing decal and funds.
The Board’s findings are supported by “substantial evidence” and constitute “cause” as it relates to Crummie’s termination.
Crummie’s insistence that her acquittal as to the criminal charge of theft operates to exonerate her and prevent her termination is not well taken. An acquittal in a criminal case is not dispositive of the issues presented in a civil action arising out of the same facts. City of Gadsden v. Head, 429 So.2d 1005 (Ala.1983). This is so because “a judgment of acquittal is only a determination that guilt has not been established beyond a reasonable doubt, although a preponderance of evidence might point thereto.” Bredeson v. Croft, 295 Ala. 246, 326 So.2d 735 (1976). In this case there is other evidence, aside from the alleged theft, which supports the Board’s termination. See Sexton v. Tuscaloosa County Civil Service Board, 426 So.2d 432 (Ala.Civ.App.1983).
Crummie finally asserts that she was denied due process because she did not receive written notice giving the reasons for her termination. According to § 10 of Act 357, written notice must be given within five days after termination.
At the hearing before the Board, the commissioner testified that, following the predetermination hearing, he informed Crummie and her attorney that she was terminated and that she had a right to appeal his decision to the Board. The commissioner testified that he then prepared a notice of his findings and decision and forwarded the original copy to the Personnel Director for Tuscaloosa County, with a copy going to Crum-mie. Crummie denied receiving such notice.
The issue of notice was presented to the Board. The Board resolved the conflicting evidence in favor of the commissioner. It is not the prerogative of the circuit court or this court to resolve a conflict in testimony or to substitute our judgment for that of the Board. Roberson v. Personnel Board of State of Alabama, 390 So.2d 658 (Ala.Civ.App.1980). The Board’s resolution of the notice issue was supported by substantial evidence. Youth Crisis Center.
The judgment of the circuit court in affirming Crummie’s termination is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.