This is a petition for writ of mandamus or prohibition by the Alabama Public Service Commission (the Commission) praying that this court order the dismissal for want of jurisdiction of the complaint in Civil Action No. 79-171-P (Elizabeth Jordan, etal. v. Alabama Public Service Commission, et al.) filed in the Montgomery County Circuit Court. The Commission further requests that this court prevent the taking of additional evidence by oral deposition or oral testimony in said case.
On December 20, 1978, Alabama Power Company (APC) filed a rate request with *Page 666 
the Commission (Docket No. 17667). Included therein was a schedule of new rates and a request that the Commission accelerate the effective date of the rates to December 29, 1978. Absent any action of the Commission, the rates would have become effective thirty days after filing by operation of law. Code 1975, § 37-1-81. Also included in the filing was an "emergency request," amended January 8, 1979, requesting that the filed rates be made effective immediately on an emergency basis in the event the Commission should suspend the operation of the rates for the purpose of conducting an investigation. On January 9, 1979, the Commission suspended the operation of the rates through July 19, 1979, in order to conduct an investigation, including a public hearing, of the proposed rates.
On January 26, 1979, the Commission announced that hearings would be held on the "emergency rate request." The hearings were scheduled to commence February 14, 1979. On that date, respondents, who were previously admitted as intervenors in the rate proceedings, filed a complaint and a request for a temporary restraining order (Civil Action No. 79-171-P) in the Montgomery County Circuit Court seeking to enjoin the Commission from holding the hearings and seeking a declaratory judgment that the Commission was without power and authority to enter an order granting an emergency rate increase to APC. The trial court denied the request for a temporary restraining order and the hearings before the Commission commenced on February 14, 1979, and continued for six days. During the hearings, respondents filed numerous motions seeking to dismiss the request for emergency rates, for the Commissioners to recuse themselves, and to limit the emergency rates. Respondents participated in the hearings by filing such motions and cross-examining witnesses; however, respondents did not call any witnesses themselves.
On March 6, 1979, the Commission issued an order granting a 9.5% emergency rate increase to APC. Respondents then filed a motion with the Commission to reconsider its order and to annul the emergency rate increase. Thereafter, respondents amended their complaint in the Montgomery Circuit Court to seek permanent injunctive relief from the March 6 order on the grounds that the Commission was without statutory authority to grant an "emergency" or "interim" rate increase and that the Commission met in secret and ex parte meetings in violation of the "Alabama Sunshine Law," Code 1975, § 13-5-1. APC was allowed to intervene in the action as a party defendant.
The Commission and APC filed a 12 (b)(1) motion to dismiss for lack of subject matter jurisdiction and a motion to strike respondents' notice to take depositions of the members of the Commission. The trial court denied the motions and entered an order granting respondents' motion to take depositions by cassette type tape recording.
The Commission then filed a petition for writ of mandamus or prohibition in this court praying that this court direct the trial court to dismiss the action for lack of jurisdiction and to prohibit the taking of any additional depositions or testimony.
Petitioners correctly contend that jurisdiction over the Commission's order granting the emergency rate increase is vested exclusively in this court by virtue of Code 1975, §37-1-140. Such section provides in pertinent part:
 In all cases involving controversies respecting rates and charges of telephone companies or public utilities, an appeal from any action or order of the Alabama public service commission in the exercise of the jurisdiction, power and authority conferred upon it by this title, as amended and supplemented, shall lie directly to the supreme court of Alabama. . . . Nothing in this subdivision 2 shall be deemed to apply to any such cases other than those in which rates and charges are involved.
This case does "involve rates and charges" of a public utility, thus, the exclusive method to obtain judicial review of the "emergency rate order" is by an appeal pursuant to § 37-1-140
to this court, not by an *Page 667 
independent action in the circuit court. Respondents contend that the March 6 order is void because the Commission was without jurisdiction to issue the order, and therefore, the order will not support an appeal. However, if the case involves controversies respecting the rates and charges of a public utility, then by statute, an appeal lies to this court and it is for this court to determine whether the order is void or voidable. Of course, since this case is presently before us on petition for mandamus or prohibition, we do not reach the merits of the validity of the "emergency rate order."
Respondents further contend that the March 6 order is void since its enactment was the culmination of several secret meetings of the Commission held in violation of the "Alabama Sunshine Law," Code 1975, § 13-5-1. Respondents allege that numerous secret and ex parte meetings of the Commission were held wherein the "emergency rate request" was discussed and the decision was made to grant the "emergency rate request."
Even if there were meetings conducted by the Commission in violation of § 13-5-1, which we do not decide, such fact is of no avail to respondents. Section 13-5-1 provides:
 No executive or secret session shall be held by any of the following named boards, commissions or courts of Alabama, namely: Alabama public service commission; school commissions of Alabama; board of adjustment; state or county tax commissions; any county commission; any city commission or municipal council; or any other body, board or commission in the state charged with the duty of disbursing any funds belonging to the state, county or municipality, or board, body or commission to which is delegated any legislative or judicial function; except, that executive or secret sessions may be held by any of the above named boards or commissions when the character or good name of a woman or man is involved.
 Any person or persons violating any of the provisions of this section shall be guilty of a misdemeanor, and, upon conviction, shall be fined not less than $10.00 nor more than $500.00. Any person who remains in attendance upon any meeting of any of the above named boards or bodies which is being held in secret or executive session shall be deemed guilty of violating the provisions of this section.
The act does not provide that action taken in violation thereof is void. If the legislature so intended the act could have been easily written to so provide. Griswold v. Mount Diablo UnifiedSchool District, 63 Cal.App.3d 648, 134 Cal.Rptr. 3 (1976). Cf.Dobrovolny v. Reinhardt, 173 N.W.2d 837 (Iowa 1970) (act subsequently amended to render such action voidable, Iowa Code 1979, § 28 A. 6); Elmer v. Board of Zoning Adjustment,343 Mass. 24, 176 N.E.2d 16 (1961) (act subsequently amended to render such action voidable, Mass. Law Ann. ch. 39, § 23C (Supp. 1979)). See N.J. Stat. Ann. § 10:4-15; Pa. Stat. Ann. tit. 65, § 272 (Supp. 1979); Wash. Rev. Code Ann. § 42.30.060.
For the above reasons, the petition for writ of mandamus is hereby granted and petitioner is entitled to the relief requested.
WRIT GRANTED.
All the Justices concur.