ALMON, Justice.
This is an appeal from a summary judgment in favor of a city board of education and its members in an action wherein several non-tenured teachers, whose contracts of employment were not renewed, sought reinstatement and back pay.
Johann Kucik, Willie Pollard, Larry W. Davis, and Carol Williams were teachers who, as of May 1982, had been employed in the Opelika city school system for three consecutive years.
On May 31, 1982, a majority of the members of the Opelika City Board of Education (the Board) met in executive session and unanimously voted to accept the recommendations of the superintendent not to renew the employment contracts of these teachers. The Board then gave written notice of this decision to each of the teachers prior to the last day of the 1981-82 school year, in accordance with Code 1975, § 16-24-12. On June 6, 1982, the Board again met in executive session and passed a motion reaffirming the personnel decisions made on May 31, 1982.
On October 6, 1982, Kucik, Pollard, Davis, and Williams filed a complaint in Lee Circuit Court against the Board; Clyde Zeanah, sued individually and in his official capacity as Superintendent of the Board; and Winston T. Smith, Jr., Tom Botsford, William Harper, Jr., W. F. Horsley, and Jane Walker, members of the Board sued in their official and representative capacities.
The complaint alleged that the plaintiffs had been employed by the Board for four consecutive years and therefore enjoyed continuing service status under Code 1975, § 16-24-2.[1] The complaint then alleged that the defendants violated the express provisions of the Teacher Tenure Act, Code 1975, § 16-24-1, et seq., by terminating the plaintiffs’ employment without 1) the recommendation of the superintendent, 2) a majority vote of the Board members, 3) the recordation of the minutes of the meeting wherein their employment was terminated, and 4) a hearing wherein the plaintiffs could challenge this termination decision.
The complaint also alleged federal and state constitutional violations and sought the following relief: 1) a judgment declaring the plaintiffs to be teachers with continuing service status under the Alabama Teacher Tenure Act; 2) injunctive relief requiring the defendants to disavow their termination decision and to acknowledge the plaintiffs’ continuing service status; and 3) an order reinstating the plaintiffs with full back pay.
The plaintiffs moved for summary judgment and attached the depositions of sever *969 al Board members in support of their motion. These depositions stated that the plaintiffs had been employed by the Board for only three consecutive years and were, therefore, non-tenured at the time of the decision not to renew their employment contracts. According to the Board members, this decision was not based on any personal or political reasons but rather on the recommendations of the superintendent and the principals involved.
The defendants also moved for summary judgment and included these same depositions and other affidavits in support of their position. The circuit court entered an order granting the defendants’ motion for summary judgment, and the plaintiffs filed a notice of appeal to this Court.
On appeal, the plaintiffs do not dispute the fact that, although their complaint states otherwise, they had been employed by the Board for only three consecutive years at the time of the termination decision and were therefore non-tenured teachers under Code 1975, § 16-24-2.
As their sole assertion of error, the plaintiffs contend that because the decision to terminate their employment contracts occurred during meetings which allegedly violated the “sunshine law,” Code 1975, § 13A-14-2,[2] they are entitled to reinstatement and the recovery of full back pay.
We have reviewed the entire record and find absolutely no mention of the “sunshine law,” Code 1975, § 13A-14-2; nor is there any allegation in the unamended complaint to suggest that the action taken by the Board was void because of the “sunshine law.” This Court will not address issues unsupported by the record. Chatman v. City of Prichard, 431 So.2d 532 (Ala.1983).
We note, however, that this Court has refused to invalidate decisions rendered during meetings which violated the “sunshine law,” Code 1975, § 13A-14-2 (formerly codified at Code 1975, § 13-5-1). See Ex parte Alabama Pub. Serv. Comm’n, 376 So.2d 665 (Ala.1979); Hargett v. Franklin County Bd. of Educ., 374 So.2d 1352 (Ala.1979). See also Miglionico v. Birmingham News Co., 378 So.2d 677 (Ala.1979).
The judgment of the circuit court is affirmed.
AFFIRMED.
JONES, FAULKNER, and EMBRY, JJ., concur.
ADAMS, J., concurs in the result.

. This statute provides:
“Any teacher in the public schools who shall meet the following requirements shall attain continuing service status: Such teacher shall have served under contract as a teacher in the same county or city school system for three consecutive school years and shall thereafter be reemployed in such county or city school system the succeeding school year.”
Code 1975, § 16-24-2(a).

. The "sunshine law,” Code 1975, § 13A-14-2, provides:
"(a) No executive or secret session shall be held by any of the following named boards, commissions or courts of Alabama, namely: Alabama public service commission; school commissions of Alabama; board of adjustment; state or county tax commissions; any county commission, any city commission or municipal council; or any other body, board or commission in the state charged with the duty of disbursing any funds belonging to the state, county or municipality, or board, body or commission to which is delegated any legislative or judicial function; except, that executive or secret sessions may be held by any of the above named boards or commissions when the character or good name of a woman or man is involved.
“(b) Any person or persons violating any of the provisions of this section shall be guilty of a misdemeanor, and, upon conviction, shall be fined not less than $10.00 nor more than $500.00. Any person who remains in attendance upon any meeting of any of the above named boards or bodies which is being held in secret or executive session shall be deemed guilty of violating the provisions of this section.”