ON APPLICATION FOR REHEARING
Our opinion of February 9, 1990, is withdrawn and the following opinion substituted therefor.
We issued the writ of certiorari to the Court of Civil Appeals to review the issue whether the 10-day period for appeal provided in Ala. Code 1975, § 25-4-95, or the 30-day period for appeal provided in § 41-22-20 governs this case. The Court of Civil Appeals, following its reasoning in Mays v.Sabel Steel Services, Inc., 500 So.2d 467 (Ala.Civ.App. 1986), applied the 10-day statute, and thus held that the appeal, which was filed on the 30th day, was untimely. (Judge Robertson dissented.)
Because we agree with the dissenting opinion of Judge Robertson, we quote it here:
 "It is my opinion that this court's reasoning in Mays v. Sabel Steel Services, Inc., 500 So.2d 467
(Ala.Civ.App. 1986), was in error and that that case should be overruled. It is my opinion that the majority's reasoning in this case is in error. This court stated in State Health Planning Development Agency v. AMI Brookwood Medical Center, 564 So.2d 54 (Ala.Civ.App. 1989), that:
 " 'Section 41-22-25 outlines the applicability and proper construction of the AAPA [Alabama Administrative Procedure Act]. That section provides that the rights created by the AAPA shall be in addition to rights created by any other statute. It further provides that the AAPA shall take precedence over any other statute which diminishes the rights created by the AAPA, unless that statute expressly provides otherwise."
 "Section 25-4-95 mandates a ten-day appeal deadline, whereas AAPA provides for a thirty-day appeal deadline. Clearly, that 'statute . . . diminishes the rights created by the AAPA.' AMI Brookwood Medical Center, supra.
"Therefore, I respectfully dissent."
(Emphasis added by Judge Robertson.)
We adopt Judge Robertson's dissenting opinion as the opinion of this Court and make one additional observation: Whatever the state of the law may have been before the 1986 amendment to the AAPA with respect to the time within which to file an appeal from an administrative agency to the circuit court, it is abundantly clear that this issue was resolved by the addition of the final sentence in § 41-22-20(d): "This section shall apply to judicial review from the final order or action of all agencies, and amends the judicial review statutes relating to all agencies to provide a period of 30 days within which to appeal or to institute judicial review."
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION GRANTED; REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur. *Page 1110