Alton Wayne Smith appeals from a summary judgment entered in favor of the Alabama Aviation and Technical College (AATC), Dr. Shirley Woodie (president of AATC), John Fergus (dean of instruction at AATC), and Fred Gainous (chancellor of the Post-Secondary Division of the Department of Education of the State of Alabama). We affirm.
The record reveals the following facts. Alton Wayne Smith was a tenured professor of avionics at AATC, a public, two-year technical college governed by the State Board of Education. The chancellor, the chief executive officer of the State of Alabama Post-Secondary Education Division, is the immediate supervisor of the various two-year college presidents. § 16-60-110 etseq., Ala. Code 1975. On August 15, 1991, Smith received a letter from Dr. Shirley Woodie, president of AATC, which informed him of Woodie's intent to terminate his employment with AATC. The basis for Smith's termination was: his violation of the sick leave policy for the week of July 1, 1991, the week of July 8, 1991, July 19, 1991, and August 12, 1991; his failure to satisfactorily and appropriately carry out his teaching responsibilities; and the negative impact his conduct had had upon the education process and employee morale. On August 28, 1991, Smith received a second *Page 428 
letter from Woodie officially terminating his employment with AATC effective August 31, 1991.
Pursuant to the "revised hearing procedure" regulations of the State Board of Education, Smith properly requested a review of his termination by a three-member employee review panel. At the hearing conducted by the employee review panel, all parties were present and represented by counsel. The first day of the hearing before the panel was October 26, 1991. On that date, the panel stated the following as its purpose:
 "[I]n making its decision the panel shall consider whether the action of the president or the administrative staff was arbitrary or unjust or for political or personal reasons on the part of the president or his staff. And, whether the president's action was warranted based upon the facts of the case and the employment record of the employee. The decision of the panel shall be final and binding upon the parties."
The panel heard testimony on October 26, 28, and November 3, 1991. The testimony presented to the panel was extensive. In support of AATC and Woodie's claims that Smith was fired for "just cause," there was testimony by Fergus and Woodie, as well as other AATC employees, that Smith had knowingly and continually violated the sick leave policy. Additionally, there was testimony by numerous students, their parents, and teachers at AATC, that Smith was often absent from class, that he showed little regard for the students' questions, that he offered little guidance concerning the contents of upcoming examinations, and that he failed to properly cover the necessary material in order for the students to progress to the next class level. During the Fall 1990 registration period, Smith's previous students, "en masse", refused to register unless they were assured that someone other than Smith would be their instructor. The student complaints regarding Smith's class instruction continued, and on July 19, 1991, the students delivered a petition to Fergus listing their specific complaints. The petition was signed by all 14 of Smith's students at that time.
In response to Smith's claims that he was terminated in violation of his right to free speech and in violation of his due process rights, there was testimony presented that Woodie had reprimanded other employees when they had violated the sick leave policy by taking sick leave without prior approval. There was also testimony by an avionics instructor at AATC, Mr. Davenport, that when he had attempted to complain to Woodie about things Smith had done prior to Woodie becoming president, Woodie told him not to tell her about the past, because she wanted to deal with all employees based upon their present and future job performance.
Smith presented testimony from several of his former students regarding his teaching ability, all of whom testified that Smith was a good instructor. However, the former students had been in Smith's class in 1981, 1986, and 1987. Smith also presented testimony from three people he had worked with at AATC. However, none of the three was an instructor in the avionics department and none had observed Smith's classroom instruction.
The panel rendered the following decision on November 7, 1991:
 "The employee review panel has decided to uphold the termination of the employment of Mr. Alton Wayne Smith by the Alabama Aviation and Technical College in Ozark, Alabama.
 "The panel found sufficient testimony and evidence that there were reasons for this termination of employment on the grounds of 'other good and just causes' and failure to perform duties in a satisfactory manner."
Smith did not appeal from the panel's decision.
On August 25, 1993, Smith filed a complaint in the Dale County Circuit Court against AATC, Woodie, and certain fictitiously named defendants. The complaint alleged that Smith's termination from AATC constituted a breach of contract, a breach of the implied covenant of good faith and fair dealing, an intentional infliction of emotional distress, and a retaliatory discharge. On September 24, 1993, AATC and Woodie filed an *Page 429 
answer, stating numerous affirmative defenses.
Smith's original attorney withdrew on October 1, 1993, and was replaced by new counsel. On November 8, 1993, an amended complaint was filed adding Fred Gainous and John Fergus as defendants. The amended complaint also added claims arising under 42 U.S.C. § 1983 alleging violations of Smith's First Amendment right to free speech and Smith's Fourteenth Amendment right to equal protection, and a claim alleging conspiracy. AATC, Woodie, and Gainous answered the amended complaint on November 18, 1993. On December 20, 1993, AATC, Woodie, and Gainous filed a joint motion to dismiss or, in the alternative, for summary judgment. On January 20, 1994, Smith's second attorney filed a motion to continue the February 14, 1994, hearing on the motion for summary judgment. On March 3, 1994, Fergus filed an answer to the amended complaint and a motion to dismiss or, in the alternative, for summary judgment.
The February 14, 1994, hearing on the motions for summary judgment was continued to March 14, 1994. While Smith's second attorney withdrew and was officially replaced by a third attorney on May 9, 1994, a motion to continue the March 14, 1994, summary judgment hearing was filed by Smith's third attorney on March 8, 1994. That motion was granted, and the hearing was continued until July 25, 1994. On July 25, 1994, neither Smith nor his attorney appeared at the summary judgment hearing. The trial court entered a summary judgment for the defendants on August 12, 1994, holding that: all state claims against AATC and Woodie, Fergus, and Gainous in their official capacities were due to be dismissed because of the immunity provided in Article 1, § 14 of the Alabama Constitution of 1901; that all federal claims against AATC were due to be dismissed because AATC was not a suitable "person" under42 U.S.C. § 1983; that all claims were barred by the administrative process; that the § 1983 claims were barred by the statute of limitations; and that Smith had failed to state a valid claim under § 1983.
On September 12, 1994, Smith filed a motion to vacate or set aside the judgment, or, in the alternative, for a new trial. As grounds for this motion, Smith alleged that he did not receive notice of, or the opportunity to be heard at, the summary judgment hearing conducted by the trial court on July 25, 1994; that his complaint set forth a claim for relief under § 1983; and that the facts before the trial court created a genuine issue of material fact. While Smith claimed that he did not receive notice of the summary judgment hearing, the circuit court's case action summary sheet indicates that on June 21, 1994, notice was sent to Smith's third attorney regarding the hearing on July 25, 1994. On October 25, 1994, the trial court denied Smith's motion, finding that it had properly granted the defendants' motions for summary judgment.
On December 2, 1994, Smith, who is now represented by a fourth attorney, appealed, raising the following issues: (1) whether the state law immunities, provided in Article 1, § 14, of the Alabama Constitution of 1901, as relied on by the defendants in the trial court, also provides immunity against the 42 U.S.C. § 1983 federal claims; (2) whether Smith was collaterally estopped by the employee review panel hearing from bringing an independent action to enforce his federal constitutional rights; (3) whether the statute of limitations barred the federal claims filed on November 8, 1993; and (4) whether the acts alleged in the complaint were under "color of state law."
Smith did not appeal the summary judgment for the defendants as it related to the claims of breach of contract, breach of implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and retaliatory discharge. Smith also did not appeal the summary judgment as it related to the 42 U.S.C. § 1983 claims against AATC. Therefore, the only defendants here on this appeal are Woodie, Gainous, and Fergus.
An appellate court reviewing a summary judgment employs the same standard utilized by the trial court. Southern GuarantyIns. Co. v. First Alabama Bank, 540 So.2d 732 (Ala. 1989). A summary judgment *Page 430 
is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Rule 56(c)(3), Ala.R.Civ.P. Like the trial court, the appellate court views the evidence and resolves all reasonable doubts in favor of the nonmovant.Specialty Container Mfg., Inc. v. Rusken Packaging, Inc.,572 So.2d 403 (Ala. 1990).
When a party opposing a motion for summary judgment offers no substantial evidence to contradict that presented by the movant, the trial court must consider the movant's evidence uncontroverted. Shows v. Donnell Trucking Co., 631 So.2d 1010
(Ala. 1994). However, even when the evidence is uncontroverted, the movant must still be entitled to a judgment as a matter of law. In this case, Smith failed to offer evidence to contradict the factual evidence presented by the defendants. Therefore, in determining whether the defendants were entitled to a judgment as a matter of law, our review is limited to the evidence presented by the defendants. Guess v. Snyder, 378 So.2d 691
(Ala. 1979).
We find the dispositive issue to be whether Smith was collaterally estopped from bringing an independent action to enforce his federal constitutional rights.
For the doctrine of collateral estoppel, i.e., issue preclusion, to apply to administrative proceedings, the following elements must be present:
 "(1) there is identity of the parties or their privies; (2) there is identity of issues; (3) the parties had an adequate opportunity to litigate the issues in the administrative proceeding; (4) the issues to be estopped were actually litigated and determined in the administrative proceeding; and (5) the findings on the issues to be estopped were necessary to the administrative decision."
State Health Planning Development Agency v. AMI BrookwoodMedical Center, 564 So.2d 54, 59 (Ala.Civ.App. 1989) (quotingPantex Towing Corp. v. Glidewell, 763 F.2d 1241, 1245 (11th Cir. 1985)).
In this case, all five elements are satisfied. First, there must be an "identity of the parties or their privies" between the administrative proceeding and this action. Smith and AATC, as well as Woodie, Fergus, and Gainous as AATC's privies, all participated in the hearing before the employee review panel. Likewise, they are all parties in this action. Therefore, the first element is satisfied.
Second, there must be an "identity of issues." Smith contested his termination from AATC, and a hearing was held by a three-member employee review panel. At that review hearing, Smith claimed that he was not terminated because of his alleged violations of the sick leave policy or his other alleged behavior, but rather because he had exercised his right to free speech in criticizing AATC and its policies and because he had filed a claim for relief with the State Board of Adjustment. In this action, Smith claims that he was terminated from AATC in violation of his right to free speech and equal protection under the First and Fourteenth Amendments. In both instances, Smith was contesting his termination on the basis that he was terminated in violation of his right to free speech and his right to equal protection. Therefore, the second element is satisfied.
Next, the parties must have had an adequate opportunity to litigate the issues in an administrative proceeding, and the issues to be estopped must have been actually litigated and determined in an administrative proceeding. The panel heard testimony from 17 witnesses over a three-day period; the testimony resulted in over 800 pages of transcript.
During the review hearing, Smith testified on his own behalf that his employment with AATC was terminated because he had exercised his right to free speech. Specifically, Smith testified that in May or June 1991, he wrote then Governor Guy Hunt a letter regarding fraudulent and wasteful practices at AATC. After Woodie obtained a copy of the letter, she called Smith into her office and told him that he was a "trouble maker" and that writing politicians was not part of his job. Smith also testified about a letter he *Page 431 
had written to Mr. Tyson, a member of the State Board of Education. Smith further testified that when Woodie obtained a copy of this letter, she called him into her office and told him that if he wanted to keep his job, then he had better write a second letter saying that "everything was okay at this time." Smith testified that his request to attend an Alabama Education Association conference in August 1991 had been denied because AATC and Woodie did not want him attending "those" meetings; that his request for a personal leave day on August 15, 1991, to meet with his attorney had been denied; that other employees had been able to obtain sick leave with "no questions asked"; and that it had been difficult for him to obtain leave for any reason during the past year.
From the testimony before the panel, it is evident that Smith had an adequate opportunity to litigate in the administrative proceeding the same issues he raised in his lawsuit and that those issues were actually litigated and determined in the administrative proceeding. Therefore, the third and fourth elements are satisfied.
Finally, the findings on the issues to be estopped must have been necessary to the administrative decision. At the beginning of the review hearing, the panel stated that its purpose was to determine whether Smith's termination was "arbitrary or unjust or for political or personal reasons." In order to determine whether Smith's termination was for political or personal reasons, it was necessary for the panel to consider Smith's testimony that he was terminated in violation of his right to free speech and his right to equal protection. The panel held that Smith had been terminated on the grounds of "other good and just causes" and "failure to perform duties in a satisfactory manner." Smith did not appeal from that decision.
Smith alleges that his § 1983 claims are not precluded by the panel's decision because its holding did not specifically address the issues involving the § 1983 claims. However, because the panel's purpose was to determine whether Smith's termination was "arbitrary or unjust or for political or personal reasons," we find that it was necessary for the panel to consider Smith's § 1983 claims in making its decision.
Smith also argues that his claims are not precluded, because of Ex parte Averyt, 487 So.2d 912 (Ala. 1986). We find Averyt
inapplicable to Smith's argument because in Averyt the employee did not raise his federal claims in the administrative proceeding before the personnel board. That is not the case here.
Because all five elements of the doctrine of collateral estoppel are present in this case, we hold that Smith was estopped from bringing this action in the circuit court. Consequently, the summary judgment entered by the trial court in favor of the defendants is due to be affirmed.
AFFIRMED.
THIGPEN, YATES, and MONROE, JJ., concur.
CRAWLEY, J., recuses.